UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDGAR NOLAN, III,

           Plaintiff,        Civil Action No. 19-13401
                                     Honorable Matthew F. Leitman
                                     Magistrate Judge David R. Grand

COMMISSIONER OF
SOCIAL SECURITY,

           Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE

On November 18, 2019, Plaintiff Edgar Nolan, III ("Plaintiff") filed a complaint in this matter against the Commissioner of Social Security. (ECF No. 1). On January 16, 2020, an "Order Directing Plaintiff to Complete Service Documents and for Service of Process by the U.S. Marshal" was issued by the Court. (ECF No. 11). Plaintiff was informed that, within fourteen calendar days of the date of that order, he was required to complete and present to the Clerk's Office certain documents necessary to effect service in this case, including one copy of the complaint for each defendant, two USM 285 forms for each defendant, and three summonses for each defendant. (*Id.*) Plaintiff did not timely submit any of these documents in accordance with the Court's directive.

As a result, on February 13, 2020, the Court issued an order requiring Plaintiff to show cause why this action should not be dismissed for failure to submit the requisite service-related documents. (ECF No. 12). A response was due on February 28, 2020. To date, no response to that order has been filed.

A court may dismiss an action under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order. In deciding whether to dismiss an action for these reasons, a court should consider (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the delinquent party's conduct; (3) whether the delinquent party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Moreover, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Applying these principles to the instant case, the Court finds that three of the four factors weigh in favor of dismissal.[1] First, despite the Court putting Plaintiff on notice of his failure to complete documents necessary to effectuate service, he has failed to respond to the Court's Order to Show Cause, or to otherwise take steps to ensure that service is accomplished. While the Court does not presume this is the result of bad faith or willfulness, Plaintiff is clearly at fault for failing to complete and present to the Clerk's Office the documents necessary to effect service in this case.

The third and fourth factors weigh in favor of dismissal in light of the Court's Order to Show Cause; Plaintiff simply failed to respond to that order, which was issued weeks

---

[1] The Court can find no prejudice to the Commissioner by virtue of Plaintiff's failure to complete documents for service, and, thus, the second factor is not satisfied here.

ago, and which specifically warned him that failure to comply with its terms would lead to dismissal of this action without prejudice. (ECF No. 12). Thus, Plaintiff has been on notice of his failure to timely complete and submit the requisite service-related documents for weeks and has taken no steps to remedy this deficiency.

Having considered the relevant factors, the Court finds it appropriate to dismiss this action pursuant to Rules 4(m) and 41(b) due to Plaintiff's failure to submit the requisite service-related documents, as well as his failure to comply with the Court's Order to Show Cause. Under Rule 4(m), such a dismissal should be without prejudice. Accordingly, the Court **RECOMMENDS** dismissing Plaintiff's complaint **WITHOUT PREJUDICE**.

Dated: March 10, 2020　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also*

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 10, 2020.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
